## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 16574. Department Two. September 2, 1921.]

THE STATE OF WASHINGTON, *on the Relation of* GEORGE
D. FARWELL, *Plaintiff,* v. C. W. CLAUSEN, *as
State Auditor, Respondent.*[1]

ARMY AND NAVY—SOLDIERS' BONUS—RIGHTS OF SURVIVING PAR-
ENT—STATUTES—CONSTRUCTION. Under ch. 1, Laws Ex. Sess. 1920,
providing a bonus to a soldier's surviving widow, if not remarried
at the time compensation is requested, "or in the event he left no
widow or children, then to his surviving parent or parents if actu-
ally dependent upon such deceased person for support," a father
would not be entitled to compensation where the deceased had left
a widow, although her right to take had been eliminated by her sub-
sequent remarriage.

Application filed in the supreme court May 18, 1921,
for a writ of mandamus to compel the state auditor
to issue to relator a warrant for compensation under
the soldiers' bonus act. Denied.

*Geo. McKay,* for relator.

*The Attorney General* and *Nat U. Brown,* for re-
spondent.

MITCHELL, J.—The relator, George D. Farwell,
seeks compensation under the provisions of ch. 1, p. 7,
Laws of the Extraordinary Session, 1920, viz: "An
act providing for the payment of equalized compensa-

[1]Reported in 200 Pac. 563.

tion to veterans of the war with the Central Allied Powers, etc.''. The petition, to which the respondent has filed a general demurrer shows: That relator is the surviving father of Major George W. Farwell, who engaged in active service of the United States in the war with the Central Allied Powers from May 8, 1917, until September 30, 1918, when he died in France of wounds received in battle; that Major Farwell died without issue, his wife surviving him; that she remarried about June 1, 1919; and that, at and prior to the time of the death of the son, the father was actually dependent upon him for support.

That portion of the law that controls this case is a part of § 1 as follows:

''In case of the death of any such person while in such service an equal amount shall be paid to his surviving widow, if not remarried at the time compensation is requested, or in case he left no widow and left children, then to his surviving children, or in the event he left no widow or children, then to his surviving parent or parents if actually dependent upon such deceased person for support.''

The language of the statute is clear that the right of a dependent father to receive the compensation is conditioned on the domestic status of the son at the time of his death. The condition is ''in the event he left no widow or children, then to his surviving parent.'' The complaint alleges that the deceased did leave a widow, and the fact that she subsequently remarried prior to the effective date of the act of the legislature in question is in no way helpful to the father in his claim for compensation.

Writ denied.

PARKER, C. J., MAIN, TOLMAN, and MACKINTOSH, JJ., concur.