207 P.3d 449 (2009)
148 Wash.App. 828
In re Marriage of: Daniel E. FAIRCHILD, Appellant,
v.
Janis E. DAVIS, f/k/a Janis E. Fairchild, Respondent.
No. 26818-7-III.
Court of Appeals of Washington, Division 3.
February 12, 2009.
As Amended April 28, 2009.
*450 Byron George Powell, Attorney at Law, Spokane, WA, for Appellant.
Robert Charles Scanlon, Dellwo Roberts & Scanlon PS, Spokane, WA, for Respondent.
BROWN, J.
¶ 1 An obligor parent is entitled to reimbursement for certain expenses not actually incurred by the obligee parent. RCW 26.19.080(3). In this case, a superior court judge reversed a commissioner's reimbursement order, concluding Janis Davis, formerly known as Janis Fairchild, satisfied her burden of proof in showing day care and medical expenses were incurred. Her former husband, Daniel Fairchild, appeals, contending the burden of proof requires more than just a declaration that expenses were paid. We agree and reverse.

FACTS
¶ 2 Mr. Fairchild and Ms. Davis have two daughters; one born on March 22, 1984 and another born on September 26, 1989. The parties' marriage was dissolved in July 1991. Beginning on August 1, 1991, the court ordered Mr. Fairchild to pay $294.25 per month per child in child support plus $240.08 for day care and medical expenses until the children reached age 18. $240.08 was based, in part, on a total day care amount of $400 per month for both children. The support order states that Ms. Davis "may be required to submit an accounting of how the support is being spent." Clerk's Papers at 7.
¶ 3 Mr. Fairchild did not make full payments and still owes approximately $37,763 to Ms. Davis. In February 2007, Mr. Fairchild filed a motion to offset or refund day care and medical expenses not incurred pursuant to RCW 26.19.080(3).
¶ 4 Ms. Davis provided a declaration, which included the names of the individuals providing day care for the parties' children and the amount charged from 1992 to 2001 (the youngest child would have turned 12 years old in 2001); a statement of health insurance premiums paid from 2000 to 2007, and a statement for orthodontic services. A superior court commissioner concluded Ms. Davis' declaration was self-serving and she failed to provide adequate proof of payment. The commissioner granted Mr. Fairchild's motion for offset of day care and medical expenses and denied reconsideration.
¶ 5 Ms. Davis requested revision of the commissioner's order. A superior court judge granted her motion, ruling Ms. Davis was not required to maintain records showing day care and medical expenses paid. The judge denied Mr. Fairchild's motion to offset. He appealed.

ANALYSIS

A. Reimbursements and Offsets
¶ 6 The issue is whether the trial court erred in denying Mr. Fairchild's motion for reimbursement or offset. Mr. Fairchild contends the trial court erred by ruling Ms. Davis was not required to provide detailed proof of day care and medical expense payments.
¶ 7 When the trial court reviews a commissioner's ruling, it reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner. RCW 2.24.050; In re Marriage of Moody, 137 Wash.2d 979, 991-93, 976 P.2d 1240 (1999). Once the trial court makes a decision on review, the appeal is from the trial court's decision, not the commissioner's. State v. Ramer, 151 Wash.2d 106, 113, 86 P.3d 132 (2004).
*451 ¶ 8 Under RCW 26.19.080(3), day care and special child rearing expenses are to be shared by the parents in the same proportion as the basic child support obligation. If, however, a parent pays these expenses but they were not "actually incurred" by the other parent, "the obligee must reimburse the obligor for the overpayment if the overpayment amounts to at least twenty percent of the obligor's annual day care or special child rearing expenses." RCW 26.19.080(3). The obligor may institute an action for offset or reimbursement. "Any ordered overpayment reimbursement shall be applied first as an offset to child support arrearages of the obligor." Id.
¶ 9 Initially, Ms. Davis contends no reimbursement right exists because Mr. Fairchild is not current with his support obligation. But, RCW 26.19.080(3) addresses that circumstance and permits overpayments to "be applied first as an offset to child support arrearages of the obligor."
¶ 10 Mr. Fairchild contends a declaration of payment of expenses is not sufficient proof of actual payment. Adequate proof of incurred expenses is necessary to prevent "`a windfall.'" Kim v. O'Sullivan, 133 Wash. App. 557, 564, 137 P.3d 61 (2006) (quoting Lavigne v. Chase, Haskell, Hayes & Kalamon, P.S., 112 Wash.App. 677, 687, 50 P.3d 306 (2002)). Washington courts have not addressed the necessary proof to establish "actually incurred" expenses under RCW 26.19.080(3).
¶ 11 By comparison, adequate proof to order restitution for future expenses requires more than a victim's estimate of a future expense. State v. Vinyard, 50 Wash.App. 888, 892, 751 P.2d 339 (1988). Likewise, damages must be supported by competent evidence in the record. To be competent, the evidence or proof of damages must be established by a reasonable basis and it must not subject the trier of fact to mere conjecture. ESCA Corp. v. KPMG Peat Marwick, 86 Wash.App. 628, 639, 939 P.2d 1228 (1997), aff'd, 135 Wash.2d 820, 959 P.2d 651 (1998). The proof of damages must not be speculative or self-serving. Id. Furthermore, proof of special damages requires a "witness who evidences sufficient knowledge and experience respecting the type of service rendered and the reasonable value thereof." Kennedy v. Monroe, 15 Wash.App. 39, 49, 547 P.2d 899 (1976).
¶ 12 Here, Ms. Davis has failed to provide adequate proof of actually incurred expenses. Regarding day care expenses, she merely provides her declaration. This is inadequate for many reasons. First, the declaration is self-serving without proof of actual expenses paid. Cancelled checks, prior tax returns, or declarations from child-care providers would have been more helpful. Second, Ms. Davis was notified in the support order that she may be required to submit an accounting. And, third, requiring proof is reasonable to show she paid $400 a month in child care expenses in 2001, given the children's ages. Regarding medical expenses, she provides a health insurance premium statement from 2000 to 2007 and an orthodontist statement. She does not detail co-payments or other medical expenses and does not show she actually incurred medical expenses during the support-ordered period.
¶ 13 While this case involves several years between the support order and the motion for reimbursement, Ms. Davis is obligated to establish that expenses were "actually incurred." RCW 26.19.080(3). For these reasons, the trial court's order granting revision and denying Mr. Fairchild's request for reimbursement is reversed, and we remand for proceedings to establish her reimbursable expenses. At this juncture, it is premature for Mr. Fairchild to complain about payments he has yet to make. Therefore, we do not reach the issue of whether Mr. Fairchild may be entitled to offsets.
¶ 14 Mr. Fairchild next claims the equitable defenses of laches and equitable estoppel do not apply. Since Ms. Davis does not raise these defenses, we decline to address them. Nevertheless, Division Two of this court held, "[N]othing in RCW 26.19.080(3) prevents the party receiving the alleged overpayment from raising equitable defenses, including laches and equitable estoppel, as a bar to a request for mandatory reimbursement for overpaid day care costs under this statute." In re Marriage of Barber, 106 Wash.App. 390, 398, 23 P.3d 1106 (2001).
*452 ¶ 15 On remand for calculating the amount to be credited to the child support arrearages, the lower court should consider that the statutory right to reimbursement was not created until 1996. See Barber, 106 Wash. App. at 398, 23 P.3d 1106 ("reimbursement of overpaid day care or special child rearing expenses pursuant to RCW 26.19.080(3) is generally mandatory for payments made after June 6, 1996.") But, "a limited right to reimbursement may exist under equitable common-law principles" for overpayments made prior to June 6, 1996. Id. at 395, 23 P.3d 1106.

B. Attorney Fees
¶ 16 Ms. Davis requests attorney fees on appeal under RCW 26.18.160. That statute provides that "[i]n any action to enforce a support or maintenance order under this chapter, the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees." The prevailing party need not show financial need in order for the Court to award fees and costs. In re Marriage of Anderson, 49 Wash.App. 867, 873, 746 P.2d 1220 (1987).
¶ 17 In light of our holding, Ms. Davis is not the prevailing party on appeal and is not entitled to an award of fees pursuant to this statute. Therefore, we deny Ms. Davis's request for attorney fees.
¶ 18 Reverse and remand for calculation of offset amount to be credited to the child support arrearages.
I CONCUR: SCHULTHEIS, C.J.
KORSMO, J. (dissenting).
¶ 19 The statute is quite clear. RCW 26.19.080(3) is a reimbursement statute, not a set-off provision for reducing unpaid debts. One has to pay in order to play. Mr. Fairchild has not paid. He does not get to play.
¶ 20 In relevant part, the statute has this to say about overpayment of day care and special child rearing expenses:
If an obligor pays court or administratively ordered day care or special child rearing expenses that are not actually incurred, the obligee must reimburse the obligor for the overpayment if the overpayment amounts to at least twenty percent of the obligor's annual day care or special child rearing expenses. The obligor may institute an action in the superior court ... for reimbursement of day care or special child rearing expense overpayments that amount to twenty percent or more of the obligor's annual day care and special child rearing expenses. Any ordered overpayment reimbursement shall be applied first as an offset to child support arrearages of the obligor.
RCW 26.19.080(3)(partial)(emphasis added).
¶ 21 The key words here, emphasized above, are "pays," "overpayment," and "reimbursement." They show that the Legislature intended that only people who have paid the disputed expense can seek reimbursement. Indeed, the statutory scheme contemplates that only substantial overpayments exceeding 20 percent of the annual obligation would be subject to refund, and establishes a refund process that focuses on applying the overpayments to future support obligations. This statute does not set up a mechanism for reducing unpaid debt. It also is not concerned about minor overpayments, thus the 20 percent excess payment threshold for invoking court involvement. The Legislature simply did not create this provision for the purpose of adjusting past unpaid obligations.
¶ 22 Accordingly, one who has not paid, let alone substantially overpaid by 20 percent of the annual obligation, has no ability to invoke the court's authority to command repayment. Mr. Fairchild has not shown (or even alleged) that he overpaid by 20 percent in any one year. Thus, the trial court had no authority to hear the motion and Ms. Fairchild had no obligation to account for ancient expenses. The trial judge on revision properly denied the motion for reimbursement.
¶ 23 Even if the statutory reimbursement provision had been properly invoked, the trial court also should still be affirmed on its laches theory. It simply is not reasonable, as the trial judge recognized in her ruling on the revision motion, for the father to pop up after 15 years and fault the mother for not having kept detailed records of day care expenses dating to the George H.W. Bush *453 administration. Under those circumstances, the trial court certainly had the discretion to consider the mother's best recollections of what was paid and when.[1] If the father could seek equitable consideration from the trial court, the mother could as well. The question is not whether Ms. Fairchild argued laches in this court. The question is whether she argued the theory in the trial court. She did  and the trial judge found the argument compelling. The trial court thus did not err in accepting the mother's declaration about her recall of expenses paid.
¶ 24 Because Mr. Fairchild did not establish that he had overpaid by 20 percent and because there is nothing inherently unfair about considering a declaration about 15 year old day care expenses under the facts of this case, the order denying reimbursement should be affirmed. Since the majority concludes otherwise, I respectfully dissent.
NOTES
[1] While the original support order indicated the mother could be called upon to account for the day care expenses, nothing in that order requires the accounting to be made by specific types of records.