FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2013 APR 29 AM 10: 17

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ROBERT GUSTAVESON, | ) | DIVISION ONE |
| | ) | |
| Appellant, | ) | No. 69108-2-I |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| AMINA BABAYEV, | ) | |
| | ) | |
| Respondent. | ) | FILED: April 29, 2013 |
| | ) | |

DWYER, J. — Robert Gustaveson appeals from the superior court's

revision of a commissioner's ruling on Gustaveson's petition for modification of

his child support obligation to his five-year-old daughter. He contends that the

superior court erred by calculating the amount of the obligation based upon his

historical rate of pay, by not ruling that the modified order be retroactive beyond

the date of filing of the modification petition, and by not addressing his argument

regarding a deviation from the standard calculation of child support.

We conclude that the superior court did not abuse its discretion by utilizing

Gustaveson's historical rate of pay to determine the amount of his child support

obligation or by denying Gustaveson's request for retroactivity of the modified

child support order. However, due to an inconsistency between the oral record

and the superior court's written order, we remand regarding the issue of deviation so that the court can either clarify the inconsistency or make necessary findings. We also remand for correction of a scrivener's error in the written order. In all other respects, we affirm the superior court's order.

I

On August 22, 2011, Gustaveson filed a petition for modification of the child support order setting forth his child support obligation to his daughter, who was then four years old. Gustaveson asserted that a substantial change in circumstances justified the modification. Specifically, he contended that the recession had "all but eliminated" his previous work as a residential carpenter and that he had been unable to obtain employment. Gustaveson requested that his child support obligation be calculated by imputing his income at the rate of the minimum wage. He additionally requested a downward deviation from the statutory child support schedule based upon a purported disparity between his own cost of living and that of Amina Babayev, the daughter's custodial parent.[1] Thus, Gustaveson requested that his child support obligation be reduced from $456.35 per month to $106 per month.

A trial by affidavit was held on December 8, 2011. A superior court commissioner determined that Gustaveson was involuntarily unemployed and imputed income based upon the minimum wage. Because the commissioner determined that a deviation did not apply, Gustaveson's child support obligation

---

[1] Gustaveson asserted that his mortgage payment and utilities totaled $1,300 per month. In contrast, he asserted, because Babayev received Section 8 housing assistance, her housing and utility expenses totaled only $72 per month.

- 2 -

was set at $166 per month. The commissioner explained that she did not have the authority to grant a retroactive modification beyond the date of filing of the petition for modification.

Gustaveson thereafter filed a motion for revision of the commissioner's ruling. He requested that the superior court revise the effective start date of the reduced child support obligation to April 2009. Gustaveson asserted that a November 2008 superior court child support order improperly precluded annual review of an administrative child support order entered in April 2008. Thus, he asserted that the appropriate start date of the reduced child support obligation was April 2009, when, according to Gustaveson, the administrative child support order should have been reviewed. Gustaveson additionally requested that the superior court consider a deviation from the standard child support calculation, an issue that, he asserted, had not been addressed by the commissioner.

On January 27, 2012, the superior court held a hearing on Gustaveson's motion for revision. Gustaveson argued, as he had in his motion, that the reduced child support obligation should be retroactive to April 2009 and that a deviation from the standard child support calculation should be granted. Gustaveson sought reduction of the child support obligation from $166 per month, the amount set by the commissioner, to $106 per month.

The superior court entered an order regarding revision of the commissioner's ruling on April 26, 2012. The court affirmed the commissioner's determinations that Gustaveson's unemployment constituted a change in circumstances, that the child support obligation should be recalculated, and that

the modified order of child support "need not be applied retroactively beyond the date of filing." However, the court revised the commissioner's calculation of child support, which had imputed to Gustaveson income based upon the minimum wage. Instead, the court imputed income based upon full-time earnings at Gustaveson's historical rate of pay. The court ordered that Gustaveson pay $421.08 per month in support of his daughter.

Gustaveson filed a motion for reconsideration of the superior court's order. He again requested that the modified order be made retroactive to April 2009. In addition, he asserted that the superior court erred by imputing income based upon earnings at his historical rate of pay. Finally, Gustaveson asserted that the superior court erred by not addressing his argument regarding deviation from the standard calculation of child support.

On July 3, 2012, the superior court denied Gustaveson's motion for reconsideration.

Gustaveson appeals.

II

Gustaveson first contends that the superior court erred by imputing income based upon full-time earnings at his historical rate of pay in order to determine his child support obligation. He asserts that the superior court did not make a factual finding of voluntary unemployment and, thus, could not properly impute income based upon such earnings. Because the court did make such a finding, thus properly complying with the applicable statute, Gustaveson's contention is without merit.

- 4 -

We review the superior court's modification of the order of child support for abuse of discretion. In re Parentage of Goude, 152 Wn. App. 784, 790, 219 P.3d 717 (2009). "A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons." In re Marriage of Jess, 136 Wn. App. 922, 926, 151 P.3d 240 (2007). "A trial court does not abuse its discretion where the record shows that it considered all the relevant factors and the child support award is not unreasonable under the circumstances." State ex rel. J.V.G. v. Van Guilder, 137 Wn. App. 417, 423, 154 P.3d 243 (2007).

The superior court considers the income and resources of each parent's household in determining the child support obligation of each parent. RCW 26.19.071(1). Where a parent is "voluntarily unemployed or voluntarily underemployed," the court imputes income to the parent in order to determine his or her child support obligation. RCW 26.19.071(6). If the parent is not currently employed—and, thus, income cannot be imputed based upon his or her current rate of pay—the court, if possible, imputes income based upon full-time earnings at the parent's historical rate of pay.[2] RCW 26.19.071(6)(b).

---

[2] RCW 26.19.071(6) provides:
In the absence of records of a parent's actual earnings, the court shall impute a parent's income in the following order of priority:
    (a) Full-time earnings at the current rate of pay;
    (b) Full-time earnings at the historical rate of pay based on reliable information, such as employment security department data;
    (c) Full-time earnings at a past rate of pay where information is incomplete or sporadic;
    (d) Full-time earnings at minimum wage in the jurisdiction where the parent resides if the parent has a recent history of minimum wage earnings, is recently coming off public assistance, aged, blind, or disabled assistance benefits, pregnant women assistance benefits, essential needs and housing support, supplemental security income, or disability, has recently been released from incarceration, or is a high school student;

Here, Gustaveson contends that the superior court improperly applied RCW 26.19.071 in determining his child support obligation. Specifically, Gustaveson asserts that the court did not make a finding that he was voluntarily unemployed or voluntarily underemployed. Thus, he argues, the superior court could not properly impute income pursuant to RCW 26.19.071(6). As relief for this purported error, Gustaveson requests that we "revert the base amount of [the] child support order back to the amount the commissioner had set."

The superior court did, however, find that Gustaveson was voluntarily unemployed. In the final order of child support, the court explicitly stated that Gustaveson's support obligation is based upon a net income imputed at $3,294 per month because "the obligor is voluntarily unemployed." The court further explained in its order:

> Since the father is currently unemployed there is no current rate of pay. Therefore, the court must go to the next statutorily prioritized factor which is "full-time earnings at the historical rate of pay based on reliable information, such as employment security department data." RCW 26.19.071(6)(b). Here, the record shows that Petitioner's historical rate of pay was $39,529.51 annually, or $3,294.13 monthly.

Thus, Gustaveson's assertion that the superior court did not find that he was voluntarily unemployed is factually incorrect.

Moreover, we note that, in any event, the relief requested by Gustaveson is not available. On a motion for revision of a commissioner's ruling, the superior court judge's review of the record is de novo where, as here, the evidence before

---

(e) Median net monthly income of year-round full-time workers as derived from the United States bureau of census, current population reports, or such replacement report as published by the bureau of census.

the commissioner did not include live testimony. In re Marriage of Moody, 137 Wn.2d 979, 993, 976 P.2d 1240 (1999). On appeal, we review the superior court's ruling, not the commissioner's. In re Marriage of Fairchild, 148 Wn. App. 828, 831, 207 P.3d 449 (2009); RCW 2.24.050. Accordingly, were we to conclude that the superior court erred in determining Gustaveson's child support obligation—and we do not—the appropriate remedy would be reversal and remand to the superior court, not reinstatement of the commissioner's child support order.

Upon finding that Gustaveson was voluntarily unemployed, the superior court properly applied the statutory order of priority for imputing income set forth in RCW 26.19.071(6).[3] Accordingly, Gustaveson's contention that the court erred by imputing income based upon his historical rate of pay is without merit.

III

Gustaveson next contends that the superior court erred by not ordering that the modified child support order be retroactive beyond the date of filing of the petition for modification. He asserts that RCW 26.09.170(1) supports his request for retroactivity of the modified order. We disagree.

"'[C]hild support payments become vested judgments as the installments come due.'" In re Marriage of Watkins, 42 Wn. App. 371, 374, 710 P.2d 819 (1985) (alteration in original) (quoting Schafer v. Schafer, 95 Wn.2d 78, 80, 621 P.2d 721 (1980)). Accordingly, child support modifications are generally to be

---

[3] Gustaveson does not contend that the trial court's finding of voluntary unemployment is unsupported by the record.

applied only to installments accruing subsequent to a petition for modification. RCW 26.09.170(1). "[R]etroactive child support modification is highly disfavored except in unusual circumstances." In re Marriage of Cummings, 101 Wn. App. 230, 234, 6 P.3d 19 (2000); see also Matter of Marriage of Olsen, 24 Wn. App. 292, 295, 600 P.2d 690 (1979) ("It is well settled that a court may not modify maintenance and support payments retroactively. At most the court can only modify maintenance and support provisions as of the date of the filing of the modification petition." (citation omitted)).[4] However, a statutory exception exists for "motions to compel court-ordered adjustments" where a child support order includes mandatory automatic adjustment provisions. In re Marriage of Ayyad, 110 Wn. App. 462, 471, 38 P.3d 1033 (2002); see also RCW 26.09.170(1)(a) (providing that a maintenance or support decree may be modified "[o]nly as to installments accruing subsequent to the petition for modification or motion for adjustment except motions to compel court-ordered adjustments").[5]

Gustaveson asserts on appeal that the superior court erred by not ruling that the modified child support order be retroactive beyond the date of filing of the modification petition. He contends that the court erred by denying his request for retroactivity of the order without finding that the "criteria" of RCW 26.09.170(1)

---

[4] Although delinquent support payments become vested judgments when they become due, "equitable principles may be applied to mitigate the harshness of some claims for past due child support when their application does not work an injustice to the custodial parent or to the child." In re Marriage of Barone, 100 Wn. App. 241, 245, 996 P.2d 654 (2000). Such relief is "limited to those cases where enforcement would create a severe hardship on the obligor-parent and where the facts support traditional equitable remedies." In re Marriage of Capetillo, 85 Wn. App. 311, 319, 932 P.2d 691 (1997). Gustaveson does not contend that equitable principles should apply to reduce his past due child support; nor does the record support such a contention.
[5] Court-ordered adjustments are "effective as of the first date specified in the decree for implementing the adjustment." RCW 26.09.170(1)(a).

did not compel such a ruling. Again, Gustaveson asserts that the modified order should be retroactive to April 2009, when, he argues, the April 2008 administrative child support order would have been reviewed but for the superior court's purportedly erroneous November 2008 order.

The superior court did not err by denying Gustaveson's request for retroactivity of the modified order. The applicable statute explicitly provides that a child support order may be modified "[o]nly as to installments accruing subsequent to the petition for modification or motion for adjustment *except motions to compel court-ordered adjustments.*" RCW 26.09.170(1)(a) (emphasis added). Because Gustaveson filed a petition for modification—*not* a motion to compel a court-ordered adjustment—the statutory exception does not apply. The trial court correctly determined: "It is clear that under RCW 26.09.170(1) a court may not backdate child support prior to the petition absent a motion to compel a court ordered automatic adjustment; here, there is/was no such provision." Moreover, the court properly rejected Gustaveson's argument that retroactivity was justified due to the court's purportedly erroneous November 2008 order.[6]

However, notwithstanding the superior court's explicit determination that the modified order of child support would not be retroactive beyond the date of filing, the court indicated in its April 26, 2012 order that the starting date for the reduced child support obligation would be May 1, 2011—more than three months prior to the filing of the modification petition. Given this inconsistency, the

---

[6] The superior court informed Gustaveson that the November 2008 order was not before the court and, thus, could not be the basis for a determination of retroactivity.

starting date indicated is clearly a scrivener's error. Because the superior court's order was entered on April 26, 2012, it appears that the court intended the starting date of the reduced child support obligation to be May 1, 2012, when the next child support payment would become due. Accordingly, we remand to the superior court to correct this scrivener's error.

Contrary to Gustaveson's assertion, the superior court properly denied his request to retroactively apply the modified order of child support prior to the date of filing of the modification petition. Thus, we affirm the court's decision denying his request for retroactivity of the modified child support order. We remand to the superior court, however, for correction of the scrivener's error regarding the starting date of the modified child support obligation.

IV

Gustaveson finally contends that the superior court erred by not addressing his request for a deviation from the standard child support calculation. Although we do not find support in the record for a deviation, it is the role of the superior court, not of the appellate court, to make that determination. Accordingly, due to an inconsistency between the oral record and the court's written order, we remand to the superior court for clarification or for the entry of necessary findings.

Where a party requests a deviation from the standard child support calculation, the superior court "shall enter findings that specify reasons for any deviation or any denial of a party's request for any deviation from the standard calculation made by the court." RCW 26.19.075(3). Here, the court indicated at

the motion hearing that Gustaveson's request for a deviation from the standard calculation was one of the issues presented on revision from the commissioner's ruling. Indeed, Gustaveson presented argument regarding the issue of deviation at the hearing. Nevertheless, the superior court's written order indicates that "[a] deviation was not requested."

Due to this inconsistency, it is not clear from the record whether the superior court considered the issue to be properly raised or whether the court intended to deny the request for a deviation. Although we are skeptical that a deviation is supported by the record, we are not in a position to affirm a ruling that was never made. We therefore remand to the superior court for clarification of the inconsistency or to enter the findings required in granting or denying Gustaveson's request for a deviation. The superior court shall hold an additional hearing in order to resolve the inconsistency only if, in exercising its discretion, the court determines that such a hearing is necessary.

The superior court's order is affirmed as to the calculation of Gustaveson's child support obligation and the denial of his request for retroactivity of the modified child support order. This matter is remanded to the superior for correction of the scrivener's error regarding the starting date of the modified order of child support. We additionally remand for clarification or the entry of findings on the issue of deviation.

Affirmed in part; remanded in part.

We concur: