FILED
COURT OF APPEALS
DIVISION II

2013 OCT -8 AM 9: 24

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| JENNIFER A. CRANE (f/n/a BROWN), | No. 43060-6-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| TERRY L. BROWN, | |
| Appellant. | |

BJORGEN, J. — Terry Lee Brown appeals the superior court's rulings on his petition for child support modification. Brown argues that the superior court erred by ruling that: (1) Brown's gross income should include his overtime income, (2) Brown was not entitled to reimbursement on daycare expenses, (3) Brown's gross income should include his Veterans Administration (VA) disability income, and (4) Jennifer Crane was entitled to attorney fees. Finding no error, we affirm the superior court and we grant Crane appellate attorney fees.

## FACTS

Brown and Crane were married in 1997 and divorced in 2004. They have two children. Brown and Crane's final parenting plan designated that the children reside with Crane and that Brown would have the children for two consecutive nights every time he had four consecutive days off from work. Brown is a fire fighter, and this arrangement was designed to accommodate his scheduled shifts.

The final child support order required Brown to pay $900 to Crane each month. That payment included Brown's portion for daycare expenses. In 2007 Crane petitioned for a minor

modification of the parenting plan along with a modification of child support. At that hearing, Brown argued that his new wife was a daycare provider and that the children should attend daycare at her facility because she could provide free daycare. Crane argued that this would not be a satisfactory daycare arrangement and the children should instead remain in the care of Vicki Brown,[1] who currently provided daycare. The court ordered:

> Vicki Brown shall provide day care[] services for the children at this time. Mother has sole decision making authority to change this.

Clerk's Papers at 14. Additionally, the superior court increased the child support that Brown paid Crane to $1078.74 each month.

In July 2011 Brown petitioned to modify child support[2] and to seek reimbursement of daycare expenses. Crane's response included a request for sanctions and attorney fees. The court commissioner denied Brown a daycare reimbursement judgment, stating that the court had previously vested discretionary authority over daycare decisions with Crane. The commissioner set Brown's base pay at $5,588.30 and added $177.00 based on Brown's longevity pay and $500.00 based on a portion of Brown's monthly VA disability income. The commissioner, however, excluded all overtime income as being too speculative. The commissioner also awarded Crane $4,500.00 for attorney fees, stating, "I think there should be a payment of attorney's fee. I'm not going to award what has been required, but I am going to award $4,500." Verbatim Report of Proceedings (VRP) (Nov. 29, 2011) at 4.

---

[1] For clarity, we refer to Vicki Brown as Vicki. We intend no disrespect.

[2] In her declaration to the trial court, Crane states that Brown has made several unsuccessful attempts to modify his child support statements.

2

Brown filed a motion for revision and Crane filed a cross motion. Collectively, the motion and cross-motion raised three issues: (1) Brown's request for a refund of a portion of his payment toward daycare for the period when the children were nine and eleven, (2) Brown's request that the court reverse the commissioner and deny Crane attorney fees, and (3) Crane's request to adjust Brown's calculated gross income to reflect income from overtime pay and VA disability benefits.

Brown raised two arguments on the daycare issue. First, he claimed that he should receive a refund because his new wife could provide daycare and he was uncomfortable that the current daycare provider, Vicki, was Crane's friend. Brown also argued that, because in discovery he was not given a check for every month in which Crane purportedly paid for daycare, Crane had not actually made those payments. In response, Crane noted that the court had already ruled that she had sole decision-making authority regarding daycare and that Vicki provide daycare. As to Brown's discovery argument, Crane told the court that she had paid a flat fee for the two children's daycare every month. She stated that the daycare provider had provided Brown with copies of the checks that she could locate, but that the provider could not locate all of the checks received. Crane also told the court that she had provided Brown with her bank statements showing that she had made the daycare payment each month.

With regard to the attorney fees, Brown argued that the commissioner erred by awarding Crane attorney fees because there was no affidavit. Crane told the court that she had requested attorney fees in response to Brown's motion because the current hearing was the fourth appearance on the matter and Brown had requested extensive discovery. She stated that the commissioner granted her request, but for less than the full amount.

Finally, the parties contested Crane's request to adjust Brown's gross income upward to reflect overtime pay and his VA disability benefits. Regarding the overtime income, Crane told the court that each time Brown wanted to readjust child support, he had obtained a statement from his fire chief stating that Brown would not receive much overtime in the future. However, Crane pointed out, despite the fire chief's statements, Brown had received an average of $764.40 monthly overtime income for the years 2005 to 2011. Brown told the court that he properly disclosed his VA disability income and that the commissioner had properly exercised his discretion to only include a portion of it ($500 out of $1,565) in calculating Brown's gross income.

The superior court denied Brown's daycare reimbursement request, explaining that the court's 2007 order regarding both Crane's authority to make daycare decisions and the permissibility of using Vicki for daycare was clear. The superior court upheld the commissioner's order for Brown to pay $4,500.00 of Crane's attorney fees and declined to order additional attorney fees for the current hearing because both parties had filed motions. Finally, after considering the parties' tax returns, pay statements, bank account statements, and respective financial declarations, the superior court found that for determining child support, Brown's gross income calculation should include $1,565.00 VA disability income and $764.40 averaged overtime income. Brown appeals.

ANALYSIS

Brown argues that the superior court erred by ruling that: (1) his gross income should include overtime income, (2) he was not entitled to reimbursement of daycare expenses, (3) his gross income should include his VA disability income, and (4) that Crane was entitled to

4

attorney fees. Crane responds that the superior court did not abuse its discretion in any of these determinations. Crane is correct.

## I. STANDARD OF REVIEW

A superior court commissioner's actions "'are subject to revision by a superior court judge.'" *In re Marriage of Dodd*, 120 Wn. App. 638, 643, 86 P.3d 801 (2004) (quoting *State v. Lown*, 116 Wn. App. 402, 407, 66 P.3d 660 (2003)). When the evidence before the commissioner did not include live testimony, the superior court judge's review is de novo. *Dodd*, 120 Wn. App. at 643. "The superior court revision order supersedes the commissioner's ruling." *Dodd*, 120 Wn. App. at 644.

This court reviews the superior court's revision of a commissioner's modification ruling for abuse of its discretionary authority under RCW 2.24.050. *Dodd*, 120 Wn. App. at 644. The superior court has "'broad discretion in its decision to modify the child support provisions of a divorce decree.'" *Dodd*, 120 Wn. App. at 644 (quoting *In re Marriage of Blickenstaff*, 71 Wn. App. 489, 498, 859 P.2d 646 (1993)). "'Under this standard, the reviewing court cannot substitute its judgment for that of the trial court unless the trial court's decision rests on unreasonable or untenable grounds.'" *Dodd*, 120 Wn. App. at 644 (quoting *In re the Marriage of Leslie*, 90 Wn. App. 796, 802-03, 954 P.2d 330 (1998)). The reviewing court must defer to the sound discretion of the superior court unless the superior court exercised that discretion "in an untenable or manifestly unreasonable way." *In re Marriage of Wayt*, 63 Wn. App. 510, 513, 820 P.2d 519 (1991).

## II. OVERTIME INCOME

Brown argues that the superior court erred in two ways in ruling that his gross income should include overtime income: first, the court did not enter findings of fact and, second, the court should have restricted its review to the previous two calendar years. Crane responds that the superior court acted within its discretion when it considered more than the previous two years to determine Brown's overtime because the superior court did not believe the evidence about Brown's current overtime.

Deviations from the standard calculation of child support are within the superior court's discretion. *In re Marriage of Newell*, 117 Wn. App. 711, 719 n.18, 72 P.3d 1130 (2003). Overtime income is presumptively included for determining child support, but the court may exclude overtime income if it finds that it is a nonrecurring source of income. RCW 26.19.075(1)(b);[3] *Newell*, 117 Wn. App. at 719 n.18. The superior court must base this determination on a review of the income received in the previous two calendar years. RCW 26.19.075(1)(b); *Newell*, 117 Wn. App. at 719 n.18. Additionally, "[w]ritten findings of fact must support the court's order or any deviation from the uniform support schedule and be supported by the evidence." *Wayt*, 63 Wn. App. at 512 (citing former RCW 26.19.020(2), (5) (1989))).

---

[3] RCW 26.19.075 (1)(b) provides:
> The court may deviate from the standard calculation based on a finding that a particular source of income included in the calculation of the basic support obligation is not a recurring source of income. Depending on the circumstances, nonrecurring income may include overtime, contract-related benefits, bonuses, or income from second jobs. Deviations for nonrecurring income shall be based on a review of the nonrecurring income received in the previous two calendar years.

Here, the superior court did not deviate from the uniform support schedule. Instead, the superior court was correct in presumptively including overtime income in calculating gross income and properly exercised its discretion not to exclude that income. *Newell*, 117 Wn. App. at 719 n.18; RCW 26.19.071(3)(e), .075(1)(b). The superior court revised the commissioner's ruling to include average overtime pay of $764.00 a month. To make this determination, the court reviewed not only Brown's overtime income for the previous two years, it also reviewed Brown's overtime income going back to 2005. The court took the yearly amount of overtime earned during each of the past seven years of employment, found the average yearly number of hours, and then divided that by twelve months to determine an average monthly amount. Since this was not a deviation, the superior court's consideration of additional years of previous income did not contravene the statutory requirements to review the previous two years in considering deviations. *See* RCW 26.19.075(1)(b).

Additionally, the superior court entered findings of fact as part of its final order that incorporated by reference the approved and attached child support work sheets. The work sheets listed the type of income and the exact amount of overtime income considered gross income. Brown argues that the superior court "ignor[ed]" the evidence from his employer, who stated that the fire district would be substantially reducing Brown's overtime hours. Br. of Appellant at 6. The superior court, however, does not abuse its discretion by finding evidence more or less credible. *See Dodd*, 120 Wn. App. at 646.

Here, the court found Crane's evidence more credible. Specifically, Crane provided evidence that Brown's supervisor had made the same statement every time Brown sought to adjust his child support payments downwards; yet Brown continued to receive significant

overtime pay. We conclude that the superior court did not abuse its discretion by including Brown's overtime income to calculate his gross income.

### III. DENIAL OF DAYCARE REIMBURSEMENT

Next, Brown argues that the superior court erred by denying his daycare reimbursement request because Crane did not provide adequate proof that she paid the daycare provider. He further argues that Crane did not have authority to keep the children in daycare for an unreasonable length of time. Crane responds that the superior court did not err, because she provided proof of the daycare payments.

As an initial matter, Brown did not assign error to the superior court's finding that the court's 2007 order regarding daycare was clear and gave Crane sole authority to make decisions regarding daycare. Therefore, Brown's argument that the language of the 2007 order does not support the superior court's finding is not before this court. Brown assigned error concerning daycare only to the superior court's refusal to enter judgment against Crane, when Crane had not proved that she had paid all claimed daycare expenses. Thus, the only daycare issue before this court is whether Crane provided sufficient evidence of daycare payment.

Under RCW 26.19.080(3), if the court orders that a parent (the obligor) pay for daycare expenses that are not actually incurred, the parent who received that payment (the obligee) must reimburse the obligor for the overpayment if the overpayment amounts to at least 20 percent of the obligor's annual daycare expenses.

A mere declaration is not sufficient proof necessary to establish that daycare expenses were "actually incurred." *In re Marriage of Fairchild*, 148 Wn. App. 828, 832-33, 207 P.3d 449 (2009). Instead, the obligee should offer proof such as cancelled checks, prior tax returns, or

8

declarations from child-care providers. *Fairchild*, 148 Wn. App. at 833. Sufficient evidence is something comparable to that for proof of damages: the obligee must establish it on a reasonable basis; it must not be speculative or subject the trier of fact to conjecture. *Fairchild*, 148 Wn. App. at 832. The court may exercise its discretion to determine the necessity for and the reasonableness of all amounts ordered in excess of the basic child support obligation, including daycare. RCW 26.19.080(4).

Here, Crane supplied the court with (1) some canceled checks obtained from the daycare provider; (2) bank statements showing the daycare amount of $758 paid each month; (3) the daycare provider's testimony that Crane paid her $758 each month; and (4) Crane's testimony that she paid the same amount each month. This is sufficient evidence to give the superior court a reasonable, nonspeculative basis for its determination that Crane actually paid the daycare provider. *Fairchild*, 148 Wn. App. at 833.

## IV. VA DISABILITY INCOME

Brown also argues that the superior court erred by ruling that Brown's gross income should include his VA disability income because his base pay as a fire fighter sufficiently provides for adequate child support and the court did not include Crane's discretionary income in her gross income.

RCW 26.19.001 provides:

> The legislature intends, in establishing a child support schedule, to insure that child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living. The legislature also intends that the child support obligation should be equitably apportioned between the parents.

Here, Brown's argument that his base pay as a fire fighter meets the legislative intent that child support provide adequately for the "basic needs" of children, overlooks that the legislature also intended that parents "provide additional child support commensurate with the parents' income, resources, and standard of living." RCW 26.19.001.

Brown also argues that the superior court's determination was not equitable because the court included his discretionary income in his gross income but the court did not include Crane's discretionary income in her gross income. This argument overlooks that Brown had not raised the issue of Crane's income in his motion before the superior court. Presumably, the superior court did not consider Crane's other income because it was not properly before that court. Likewise, the issue before us is the superior court's calculation of Brown's gross income, not Crane's gross income.

Both parties agree that RCW 26.19.045[4] gives the superior court discretion to determine whether VA disability pensions are included in the gross income calculation. Including Brown's disability income in the calculation of gross income was logical, well grounded in fact, and consistent with the purposes of the statute. Thus, the superior court did not exercise its discretion in an untenable or manifestly unreasonable way.

## V. ATTORNEY FEES

A.    Trial Fees

Finally, Brown argues that the superior court erred by granting Crane attorney fees because no evidence supports the fee amount, or the parties' ability to pay, and the court failed to

---

[4] RCW 26.19.045 provides, "The court may consider [VA disability pensions] as disposable income for purposes of calculating the child support obligation."

consider the statutory factors. Crane responds that a "plethora" of evidence supports the court's determination and the court considered all the statutory requirements. Br. of Resp't at 15. We agree with Crane.

Under RCW 26.09.140, the court may award attorney fees to either party in a child support action. In determining whether it should award fees, "the court considers the parties' relative need versus ability to pay." *In re Marriage of Spreen*, 107 Wn. App. 341, 351, 28 P.3d 769 (2001). We review an attorney fees award for abuse of discretion and will reverse if the decision is untenable or manifestly unreasonable. *Spreen*, 107 Wn. App. at 351.

Here, the parties provided the superior court with numerous financial records. These records included Crane's 2011 declaration that she had paid $4,000 in attorney fees litigating the current matter. After four additional court appearances on the same matter since that declaration, the superior court ordered Brown to pay $4,500 of Crane's attorney fees because Crane "ha[d] a need for attorney's fees and Mr. Brown ha[d] the ability to pay." VRP (Jan. 6, 2012) at 38. Thus, the superior court properly balanced Crane's needs against Brown's ability to pay. This was not an abuse of discretion. *Spreen*, 107 Wn. App. at 351.

B.    Appellate Fees

Crane asks for appellate attorney fees under RCW 26.09.140, RAP 18.1, and RAP 18.9 for having to defend against this appeal. Brown responds that we should deny appellate attorney fees arguing that he was "forced to appeal" because the superior court adopted Crane's positions. Reply Br. of Appellant at 9. We award appellate attorney fees to Crane.

RCW 26.09.140 gives this court discretion to "order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." In

11

exercising its discretion, we consider the issues' arguable merit on appeal and the parties' financial resources. *In re Marriage of C.M.C.*, 87 Wn. App. 84, 89, 940 P.2d 669 (1997).

Here, the superior court awarded Crane attorney fees, and she has filed an affidavit of financial need declaring that she does not have the ability to pay her appellate attorney fees. In addition, Crane has prevailed on the issues in this appeal. In light of these circumstances, we grant Crane's request for appellate attorney fees. Because we grant Crane's attorney fee request under RCW 26.09.140 we do not consider her additional arguments that she is entitled to appellate attorney fees under RAP 18.9(a) as sanctions for Brown's frivolous appeal.

We affirm the superior court and grant appellate attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

HUNT, P.J.

PENOYAR, J.