2015 SEP 28 AM 11: 13



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of )
)
JOHN PHILLIP HALL, )
)
      Appellant, )
)
    and )
)
DIANE ELIZABETH HALL a/k/a DIANE )
ELIZABETH VAN NATTER, )
)
      Respondent. )
)

No. 72459-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: September 28, 2015

APPELWICK, J. — Hall appeals the order denying revision of a commissioner's order denying his request for equitable relief based on an alleged violation of the terms of a dissolution decree. Hall fails to demonstrate any abuse of discretion by the superior court judge. We affirm.

## FACTS

On January 3, 2014, the trial court entered a dissolution decree dividing the property and dissolving the marriage of John Hall and Diane Van Natter.[1] Consistent with the parties CR 2A agreement, the court allocated a condominium

---

[1] Although Van Natter was known as Diane Hall during the marriage, because the dissolution decree directed her name to be changed to Diane Elizabeth Van Natter, we refer to her by that name in this opinion.

located in Edmonds to Hall, allowing him "six months to refinance the Edmonds property and remove [Van Natter] from any obligation thereon, or the same shall be sold." Further, "[i]f the net proceeds from the sale or refinancing of the property . . . exceed $25,000.00, the excess shall be split evenly between the parties." The decree provides, "Each party shall promptly execute any documents or provide any reasonable assistance necessary to effectuate the transfer of property or other terms of this decree." The decree also restrains each party "from contacting the other except through counsel."

In a letter to Van Natter's attorney dated May 21, 2014, Hall described his April 14 mediation meeting with "Chase," the lender on the mortgage on the Edmonds property. According to Hall, Chase refused to proceed without Van Natter's "presence or appointed proxy" because she "was the originator of the 2005 delinquent loan." In his letter, Hall requested that Van Natter, "either herself or by proxy" agree to add Hall to the loan so he could negotiate with Chase for a reduction of principal and monthly payments. "[T]hough Diane would remain on the loan, the foreclosure process would terminate, I would fully service the new loan, and I would then be in much better position to find a new lender to refinance the reduced loan and take Diane off entirely."

Hall sent a note dated June 3, 2014, to Van Natter's attorney asking for a response to his letter. Hall's attorney sent a letter to Van Natter's attorney on June 5, 2014, stating Hall "needs [Van Natter's] cooperation to add him to the Chase mortgage so that Chase will deal with him directly and he in turn can

2

continue the negotiations to obtain a favorable loan mitigation which in turn would allow him to more easily refinance the existing loan in a timely fashion."

In a letter dated June 10, 2014, Van Natter's attorney informed Hall that "Diane Van Natter will cooperate in your refinance of the condominium subject to the provisions of the Decree of Dissolution, provided that documents are provided by the bank directly to me, or via escrow. However, pursuant to the Decree of Dissolution, this refinance needs to be accomplished by you, not as any kind of co-borrower with Diane."

On July 3, 2014, Hall filed a motion to compel Van Natter to assist him in his loan modification efforts by "facilitating addition of [Hall's] name and removal of [Van Natter's] name on the existing mortgage with Chase Bank." Hall also requested a stay, waiver, or elimination of the provision requiring the sale of the Edmonds property. He also sought appointment of a special master, at Van Natter's expense, to sign "any and all documents relating to the condominium and the mortgage" in the event she refused to do so. Finally, Hall requested orders directing Van Natter to produce items of personal property and files relating to litigation concerning the condominium and mortgage.

In response, Van Natter filed a declaration stating that she executed a quit claim deed during the marriage to convey the Edmonds property to Hall, that Hall did not inform her of any mediation regarding the mortgage on the Edmonds property, that Hall had not complied with the decree regarding refinancing or selling the Edmonds property, and that the requested items were in Hall's possession or missing. Van Natter requested an award of attorney fees of

$750.00. In reply, Hall produced a copy of an e-mail his attorney sent to Van Natter's attorney on July 14, 2014, requesting that Van Natter execute an attached special limited power of attorney.[2]

After a hearing, a court commissioner denied Hall's motion but did not award fees to Van Natter. Hall filed a motion for revision. The superior court judge denied Hall's motion for revision and awarded Van Natter $500.00 "as terms." Hall appeals.

## DISCUSSION

On a motion for revision of a commissioner's ruling, the superior court judge reviews the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner. In re Marriage of Moody, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). The superior court "is not required to defer to the fact-finding discretion of the commissioner," but "is authorized to determine its own facts based on the record before the commissioner." In re Marriage of Dodd, 120 Wn. App. 638, 644-45, 86 P.3d 801 (2004). On appeal, we review the superior court's ruling, not the commissioner's. In re Marriage of Fairchild, 148 Wn. App. 828, 831, 207 P.3d 449 (2009); RCW 2.24.050.

As a general rule, the provisions in a dissolution decree as to property disposition "may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." RCW 26.09.170(1). However, a trial court has the power to enforce the

---

[2] No attachments to the e-mail message appear in the record.

4

provisions of its decree as long as it does not modify the decree. In re Marriage of Greenlee, 65 Wn. App. 703, 710, 829 P.2d 1120 (1992). "The court's equitable jurisdiction includes the ability to grant whatever relief the facts warrant." In re Marriage of Farmer, 172 Wn.2d 616, 625, 259 P.3d 256 (2011). We will not disturb the trial court's findings of fact as long as substantial evidence supports the findings. In re Marriage of Rockwell, 141 Wn. App. 235, 242, 170 P.3d 572 (2007). This court will not substitute its judgment for that of the trial court or weigh the evidence. In re Marriage of Rich, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996).

First, Hall faults the court for not finding that Van Natter violated the terms of the decree requiring her to "promptly execute any documents or provide any reasonable assistance necessary to effectuate the transfer of property or other terms of this decree," when "virtually all" the evidence in the record "would seem to support" such a finding. We disagree with Hall's characterization of the evidence.

The record reveals that Hall and his attorney sent three letters to Van Natter's attorney between May 21 and June 3, requesting "cooperation" and her agreement or "proxy" for Hall's negotiations with Chase. But, the letters do not request her signature on any particular document or request that she independently contact Chase. Van Natter's attorney responded on June 10, indicating her willingness to cooperate by signing documents provided directly to her attorney by the bank or escrow. Nothing in the record suggests that Van Natter refused to sign any document provided to her attorney by the bank or

5

escrow as she had agreed. It was not until July 14 that Hall's attorney, rather than the bank or escrow, e-mailed Van Natter's attorney a specific document and requested her signature. Nothing in the decree of dissolution requires that she become a coborrower in order to facilitate Hall's refinance.

In his motion to compel or for other relief, Hall claimed that Van Natter's failure to fulfill her duties under the decree justified an equitable remedy. In determining Hall's motion for revision of the commissioner's order, the superior court judge had the authority to make a factual determination as to whether Van Natter violated the decree. See Marriage of Dodd, 120 Wn. App. at 644-45. The superior court judge did not enter written findings of fact and conclusions of law.[3] However, we presume the absence of a finding on the material question of whether Van Natter violated the decree is a negative finding against Hall, the party with the burden of proof. Fettig v. Dep't of Soc. & Health Servs., 49 Wn. App. 466, 478, 744 P.2d 349 (1987). And the record contains substantial evidence to support the court's presumed finding that Van Natter's conduct was reasonable under the circumstances. Hall obviously disagrees with the court's view of the facts and circumstances, but he fails to demonstrate any abuse of discretion by the superior court judge. The court properly denied Hall's request for equitable relief.

Hall also raises two issues based on assignments of error to the commissioner's order. In particular, he contends that the commissioner erred by

_____

[3] The order simply states, "Petitioner's motion for revision is denied. Respondent is awarded $500.00 as terms."

denying relief based on his failure to make a showing of likely success in his loan modification efforts, and that a comparison between the clerk's minute entry describing the commissioner's oral findings of fact and conclusions of law and the minute entry memorializing the hearing by the superior court judge reveal an abuse of discretion. Because the findings and conclusions of the commissioner are not determinative and we review only the decision of the superior court judge, we do not address these claims of error. Marriage of Fairchild, 148 Wn. App. at 831; RCW 2.24.050.

Van Natter requests attorney fees on appeal under RAP 18.1 and RCW 26.09.140, which provides that "[u]pon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." In light of the trial court's award of terms below and the lack of merit in Hall's briefing, we exercise our discretion and grant Van Natter's request for fees, subject to her compliance with RAP 18.1.

Affirmed.

WE CONCUR: