IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of | ) | No. 33243-8-III |
| | ) | |
| DUANE R. COOK, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| and | ) | |
| | ) | |
| ELAINE M. COOK, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Duane Cook and Elaine Cook have a divorce decree requiring them to cooperate in the sale of their home. Both claim breach. The superior court commissioner sided with Ms. Cook, but on revision the superior court judge sided with Mr. Cook. We agree with the superior court judge's disposition and therefore affirm.

FACTS

The parties' decree of dissolution provides, in pertinent part, as follows:

3.4   SALE OF FAMILY HOME

The family home of the parties shall be immediately listed for sale and sold
at a price which reasonably reflects the fair market value of the same
(appraised at $450,000.00 and therefore sale price should be reasonably
close to this value). . . . [B]oth parties shall mutually employ the services of
a licensed real estate agent to assist with the sale of the property and each
party shall fully cooperate in the sale of the real property. Such cooperation
shall include . . . signing all documents necessary to list the property,
maintain the property in a manner directed by the real estate agent, and
make the property available for potential buyers. . . . Each party shall also
have access to the realtor and neither party shall change the listing price, the

terms of the sale, or the realtor without the written consent of the other or upon an order of the court after hearing. . . . All offers of purchase shall be communicated to each party in a timely manner.

In the event the parties are unable to agree on any matter or issue regarding the home, the issue shall be decided on the ex parte motion calendar with the Spokane County Superior Court on five days' notice to the opposing party . . . . The judicial officer may then decide the issues. . . . The associated costs and expense of each party shall be borne by that party.

Clerk's Papers (CP) at 16-17.

Consistent with the decree, the parties retained a real estate agent who listed the home at an above-market price of $469,900. Thereafter, an offer came in at the market value of $450,000. The agent communicated the offer to Ms. Cook. According to the agent, Ms. Cook then told her "she needed to speak with someone and would be in touch." CP at 37. According to Mr. Cook, Ms. Cook refused to agree to the sale. The real estate agent observed that Ms. Cook was generally uncooperative in the sale process. Thereafter, the agent worked with Mr. Cook to propose a counteroffer of $455,800, which the agent believed to be a reasonable price. The counteroffer was accepted.

A few days after signing off on the counteroffer, Mr. Cook filed a motion in superior court to require the sale of the home. Ms. Cook responded, alleging a violation of the decree. Ms. Cook complained that the counteroffer had never been communicated to her and that she would not have agreed to the counteroffer in any event. Ms. Cook

2

No. 33243-8-III
*In re Marriage of Cook*

explained she had hoped Mr. Cook would agree to her purchase the home. Because he did not do so and instead accepted a counteroffer without her consent, Ms. Cook sought the court's permission to purchase the home herself.

The superior court commissioner ruled in favor of Ms. Cook and entered an order allowing her to purchase the home. The order gave Ms. Cook a deadline for making an offer and stated that the offer must net Mr. Cook more than he would receive under the existing agreement for $455,800. Prior to the offer deadline, Mr. Cook filed a motion to revise the commissioner's order. On revision, the superior court judge granted relief to Mr. Cook. The judge found the decree regarding the sale of the home clear and required Ms. Cook to sign the counteroffer in the amount of $455,800. Ms. Cook appeals.

## ANALYSIS

When ruling on a motion for revision, the superior court reviews the commissioner's decision based on the evidence and issues before the commissioner. *In re Marriage of Moody*, 137 Wn.2d 979, 993, 976 P.2d 1240 (1999). Where, as here, "the evidence before the commissioner did not include live testimony," the superior court's review is de novo. *Id.* On appeal, this court reviews the superior court's ruling, not the commissioner's. *In re Marriage of Fairchild*, 148 Wn. App. 828, 831, 207 P.3d 449 (2009).

3

Both parties allege the other side violated the terms of the decree. Ms. Cook claims Mr. Cook accepted a counteroffer without consulting her. Mr. Cook argues that Ms. Cook never worked with him or the agent in good faith. There may well be fault on both sides. In the end, we agree with the superior court that the parties' decree required both Mr. and Ms. Cook to sell the home at a price reasonably close to the fair market value of $450,000. Both the original offer and the counteroffer met this requirement. Given this circumstance, the superior court judge appropriately ordered the sale. The ruling is affirmed.

Because no sufficient showing has been made to justify an award of attorney fees, each side shall bear its own costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____ _____
Fearing, C.J.          Siddoway, J.

4