[No. 14665-3-I. Division One. September 22, 1986.]

GLADYS L. LEWIS, *Appellant,* v. THE ESTATE OF ORIN W. LEWIS, JR., *Respondent.*

---

388

*Donald L. Thoreson* and *Thoreson, Yost, Berry & Matthews,* for appellant.

*Charles Moriarty, Watson B. Blair, Margaret D. Fitzpatrick,* and *Reed, McClure, Moceri, Thonn & Moriarty,* for respondent.

WEBSTER, J.—Orin W. Lewis, Jr., died intestate in 1982. His estate includes deeds, executed in 1973, to approximately 24 acres of land located in Maple Valley. The deeds bear the signature of his mother, Gladys L. Lewis, as grantor. Mrs. Lewis brought this action seeking to set aside the transfer. The trial court quieted title to the property in the estate and Mrs. Lewis now appeals. We affirm.

Generally, one seeking to set aside an inter vivos gift has the burden of showing the invalidity thereof. *In re Estate of Soderstran,* 35 Wn.2d 448, 213 P.2d 949 (1950); *Koppang v. Hudon,* 36 Wn. App. 182, 672 P.2d 1279 (1983); *White v. White,* 33 Wn. App. 364, 655 P.2d 1173 (1982). The burden shifts, however, if the donor and donee shared

a confidential relationship. *Koppang v. Hudon, supra; White v. White, supra; McCutcheon v. Brownfield,* 2 Wn. App. 348, 467 P.2d 868, *review denied,* 78 Wn.2d 993 (1970). The donee must then prove that a gift was intended and that it was not the product of undue influence. *Koppang v. Hudon, supra; McCutcheon v. Brownfield, supra.* See 38 Am. Jur. 2d *Gifts* § 93 (1968).

After hearing the evidence, the trial court in this case found that no confidential relationship existed between Mrs. Lewis and her son at the time of the transfer. Mrs. Lewis argues that the evidence does not support the trial court's conclusion.

■ On appeal, our review is limited to whether or not substantial evidence supports the findings of fact and in turn whether or not the findings of fact support the conclusions of law. *Nichols Hills Bank v. McCool,* 104 Wn.2d 78, 701 P.2d 1114 (1985); *Ridgeview Properties v. Starbuck,* 96 Wn.2d 716, 638 P.2d 1231 (1982). "'Substantial evidence is evidence in sufficient quantum to persuade a fair–minded person of the truth of the declared premise.'" *Nichols,* at 82 (quoting *Holland v. Boeing Co.,* 90 Wn.2d 384, 390–91, 583 P.2d 621 (1978)).

■ Preliminarily, we note that Gladys Lewis has not assigned error to the findings of fact as required by RAP 10.3(g). Findings of fact not specifically challenged become the established facts on appeal. *Davis v. Department of Labor & Indus.,* 94 Wn.2d 119, 615 P.2d 1279 (1980). However, RAP 10.3(g) allows review when a claimed error is "clearly disclosed in the associated issue pertaining thereto." *See Ruddach v. Don Johnston Ford, Inc.,* 97 Wn.2d 277, 644 P.2d 671 (1982). Because Mrs. Lewis' brief clearly indicates that she is challenging the finding that no confidential relationship existed, we will permit review of the findings upon which that conclusion is based.

Findings 13 and 14 form the basis of the conclusion that Mrs. Lewis and her son did not share a confidential relationship:

13. Bill [Orin, Jr.] was an older child in the Lewis family. Petitioner lived with him between 1947 and 1982 for the longest amount of time because he was single, had a good job, and was financially able to assist her. Petitioner did not, however, at any time depend on Bill to make decisions for her.

14. In May of 1973, petitioner was fully competent and not suffering from any physical or mental disability. Her hearing at that time was less than normal and impaired. She was able to read and write. Petitioner often sought advice from her children, but always made her own decisions. She did not rely on any of her children to the extent that any made decisions for her. Her decision to give the Maple Valley property to Bill in May, 1973, was made independently by petitioner and was arrived at without any fraud, misrepresentation, or undue influence by Bill.

The evidence presented supports these findings. Mrs. Lewis testified that she decided with whom to live and that she could live with any of her children. At the time of the transfer she had lived with Orin for less than 18 months. During that time, Mrs. Lewis took care of her son's home. Further, she suffered from neither physical nor mental problems. Her hearing, though impaired, was adequate. She testified that she had sold property in the past, and some of her children testified that she made her own decisions regarding her property.

▉▉ The court's findings lead to the conclusion that Mrs. Lewis and Orin did not share a confidential relationship. While a confidential relationship is more likely to exist between parent and child, parentage alone does not create the relationship. *McCutcheon v. Brownfield, supra.* Additional factors are required. This court described such a situation in *McCutcheon,* at 357:

> [T]he parent may become dependent upon the child, either for support and maintenance, or for care or protection in business matters as well, or for both, and the child, by virtue of factors of personality and superior knowledge and the assumption of the role of adviser accepted by the parent, may acquire a status, *vis–a–vis*

the parent, that will bring about the confidential relationship.

Actual domination goes to the existence of undue influence and need not be shown to prove a confidential relationship. *Peters v. Skalman,* 27 Wn. App. 247, 617 P.2d 448, *review denied,* 94 Wn.2d 1025 (1980). The essential elements of a confidential relationship are (1) that the parent reposes some special confidence in the child's advice *and* (2) that the child purports to advise with his parent's interests in mind. *McCutcheon,* at 357. In this case the trial court made no specific findings on these essential points. We therefore construe them against Mrs. Lewis. "[I]f there is no express finding upon a material fact, the fact is deemed to have been found against the party having the burden of proof." *McCutcheon,* at 356. *Pilling v. Eastern & Pac. Enters. Trust,* 41 Wn. App. 158, 702 P.2d 1232 (1985).

The court did find, however, that Gladys Lewis "did not . . . depend on Bill [Orin, Jr.] to make decisions for her." Such a finding indicates the quality of the relationship the two shared: Although Mrs. Lewis valued Orin's opinions, she was not dependent on his advice to form the basis of her decisions. The opportunity for overreaching was therefore not present. Consequently, Gladys Lewis has not met her burden of showing a confidential relationship, and the burden of showing the invalidity of the gift remains with her.

■ Mrs. Lewis argues that even absent a confidential relationship the deeds in this case are presumptively fraudulent. Two situations lead to a presumption of fraudulence: (1) when the consideration is so grossly inadequate as to shock the conscience of the court, *Binder v. Binder,* 50 Wn.2d 142, 309 P.2d 1050 (1957); *Vossen v. Wilson,* 39 Wn.2d 906, 239 P.2d 558 (1952); and (2) when highly unreasonable consideration is coupled with other inequitable incidents. *Binder v. Binder, supra.* The burden of proving the inadequacy of consideration is on the party seeking to establish the presumption of fraud. *Binder v. Binder, supra.*

Because the court made no findings on material facts that might establish a presumption of fraud, these facts are also deemed found against Gladys Lewis. *Pilling v. Eastern & Pac. Enters. Trust, supra; McCutcheon v. Brownfield, supra.* While the court found the Maple Valley property to have been Mrs. Lewis' major asset, it did not find that the transfer left her impoverished. It did not find that Orin, Jr., attempted to trick or coerce his mother into signing the deeds. It did not find that consideration sufficient to support a gift from parent to child was lacking. We, therefore, cannot make findings that the trial court chose not to make and which our review of the record indicates are unsupported by the evidence.

Gladys Lewis also argues the evidence does not support the court's conclusion that the conveyance was a valid gift. More specifically, she argues that the record does not support the existence of donative intent. We disagree.

The only evidence that Mrs. Lewis did not sign the two deeds transferring the property to Orin is her assertion that she did not sign them. A notary testified to seeing her sign them, and a handwriting expert claimed the signatures on the deeds were those of Mrs. Lewis.

Further, Jim Lewis, another of Gladys Lewis' sons, testified that his mother asked him to take over the Maple Valley property, but that he suggested she give it to Orin. He indicated that Mrs. Lewis believed that her daughters were pressuring her to dispose of the property and that she did not want the property to go outside the family. Mrs. Lewis testified that she had problems paying the taxes on the property, and several of her children testified that they helped their mother pay them. Evidence was presented that there was a family understanding Orin would one day receive a portion of the Maple Valley property. Finally, no evidence was presented to show that Mrs. Lewis was not capable of understanding the full import of her actions in 1973.

These facts, coupled with two properly executed deeds, support the conclusion that Mrs. Lewis did intend to make

a gift of the property to Orin. Her motives for making that gift, whether good or bad, do not affect the gift's validity. *See* 38 Am. Jur. 2d *Gifts* § 36 (1968).

The decision of the trial court is affirmed. Under the standards set forth in *Streater v. White,* 26 Wn. App. 430, 613 P.2d 187 (1980), this appeal is not frivolous. We therefore deny the respondent's request for attorney's fees.

SCHOLFIELD, C.J., and GROSSE, J., concur.