[No. 18324-9-I.   Division One.   March 7, 1988.]

*In the Matter of the Marriage of* STEPHEN JAMES BRADY, *Appellant, and* BETTY ANN BRADY, *Respondent.*

*Stephen J. Brady,* pro se.

*Roger A. Castelda,* for respondent.

GROSSE, J.—Stephen Brady appeals from a judgment and decree distributing the property of the parties and dissolving their marriage. At issue is the valuation of 5 acres and a house.

In 1965, Mr. Brady purchased 5 acres of land with a cabin for $5,500 by means of a real estate contract. After their marriage in 1973, the community made 20 payments on that contract. Also, after the marriage, the Bradys improved the property by digging a well, hooking up a septic system, adding bedrooms, a kitchen, several outbuildings, and by grading and landscaping. The Bradys maintained the property as the family residence during their marriage. Mr. Brady performed most of the labor on the improvements with some help from Mrs. Brady, whose income was used to purchase supplies, furnishings, and appliances. At the time of trial, extensive finishing work remained on the house. The trial court valued the subject property at $92,350 as of the date of trial. The court found that the subject property was Mr. Brady's separate property but that the community had paid approximately 18½ percent of the purchase price. The court also determined that the increase in value of the property after marriage, of $71,950, was due almost entirely to community efforts and

funds. The trial court found that the value of the community interest in the subject property was $75,724, and the value of Mr. Brady's separate interest was $16,626. After consideration of other personal property, the trial court awarded a lien to Mrs. Brady of $39,439.67.

■ Mr. Brady disputes the court's apportionment of the separate and community interests in the subject property. Although he did not correctly assign error to the trial court's findings of fact, Mr. Brady's brief as a whole indicates disagreement with findings on the value of the separate and community interests in the subject property. Under such circumstances we can utilize a less strict approach and consider the merits of the appeal. *Lewis v. Estate of Lewis,* 45 Wn. App. 387, 725 P.2d 644 (1986).

Mr. Brady contends that the trial court abused its discretion by attributing the increase in value of the subject property solely to the community. In *In re Marriage of Elam,* 97 Wn.2d 811, 650 P.2d 213 (1982), the Washington Supreme Court resolved the issue of how to value and distribute the increased value of separate property which has been used and improved by the community.

> [A]ny increase in the value of separate property is presumed to be separate property. This presumption may be rebutted by direct and positive evidence that the increase is attributable to community funds or labors. This rule entitles each spouse to the increase in value during the marriage of his or her separately owned property, except to the extent to which the other spouse can show that the increase was attributable to community contributions. Moreover, the community should be entitled to a share of the increase in value due to inflation in proportion to the value of community contributions to the property.

*Elam,* at 816–17.

Mrs. Brady met her burden of rebutting the presumption that the increase in value of the subject property is separate property. Part of the initial price of the property was paid with community funds. Substantial improvements were made after the marriage which increased the size of the house and accordingly the market value of the property.

On the other hand, the trial court found that the value of Mr. Brady's 81.5 percent interest in the property did not increase during the 12–year duration of the Brady marriage. A comparison of exhibits of tax assessment records for the subject property and other property in the area shows that, in 1980 and 1983, valuations for land only in that geographical area increased significantly. This increase was more likely than not due to market factors, not solely to improvements made by the Bradys.

Although there was sufficient evidence to show that the increase in value was attributable, in part, to community funds, neither party presented sufficient evidence of what portion of the value of the property was attributable to community funds and labor. Accordingly, the trial court had no tenable reason for attributing the increase in the market value of the property solely to the community.[1]

The ultimate obligation of the trial court in circumstances such as these is to arrive at a fair, just and equitable distribution of assets and liabilities regardless of their characterization as separate or community. RCW 26.09.080; *In re Marriage of Konzen,* 103 Wn.2d 470, 478, 693 P.2d 97, *cert. denied,* 473 U.S. 906 (1985). *Worthington v. Worthington,* 73 Wn.2d 759, 768, 440 P.2d 478 (1968) (mischaracterization of timberland not controlling as to propriety of property division which was fair, just and equitable). However in exercising discretion with respect to arriving at this fair, just and equitable result, the trial court must consider the proper characterization of the property as one of the prerequisite statutory inquiries. *Baker v. Baker,* 80 Wn.2d 736, 745, 498 P.2d 315 (1972); *Pollock v. Pollock,* 7

---

[1]Mr. Brady assigned error to the trial court's declining to allow an offset against the value of the community interest for the value of the community's use of the property. The case cited by Mr. Brady, *In re Marriage of Miracle,* 101 Wn.2d 137, 675 P.2d 1229 (1984), can be distinguished. In *Miracle,* the Supreme Court affirmed a trial court's offsetting the reasonable rental value (attributable to the community's use of a spouse's separate property) against the value of the payments made by the community on purchase contracts. In the instant case there was no evidence of the reasonable rental value of the subject property; therefore, the trial court properly refused the offset.

Wn. App. 394, 399, 499 P.2d 231 (1972). Thus we are faced with the question of whether or not we must reverse in view of the apparent error in reasoning, *see In re Marriage of Bepple,* 37 Wn. App. 881, 884, 683 P.2d 1131 (1984); whether the trial court's decree was otherwise, in our judgment, fair, just and equitable, *see In re Marriage of Washburn,* 101 Wn.2d 168, 177, 677 P.2d 152 (1984); *In re Marriage of Pilant,* 42 Wn. App. 173, 709 P.2d 1241 (1985); or whether we can "correct the decree to ameliorate or remove if possible the inequities fostered by it", *DeRuwe v. DeRuwe,* 72 Wn.2d 404, 408, 433 P.2d 209 (1967) (modifying inequitable property division to grant an additional $100,000 to the wife); *Pollock v. Pollock, supra* at 408–09 & n.2 (increasing property award to wife because the husband had "too great a share and the wife too little").

■ Despite the trial court's error in characterization of the parties' property, we will not disturb the distribution of those properties if in our judgment that distribution is otherwise fair, just and equitable. *Pilant,* at 181. Only in circumstances where the distribution is unfair, unjust or inequitable will we modify or reverse the judgment. Taking into account the economic circumstances of the parties in the instant case, we cannot say that the distribution is unfair, unjust or inequitable. The parties were married for 12 years, during which time Mr. Brady's property was substantially improved by community income and efforts. The value of the property awarded to Mr. Brady was $107,012. The value of the property awarded to Mrs. Brady was $9,756.67. Mr. Brady's income is double that of Mrs. Brady. He earns $1,400 per month and she earns $700 per month. Accordingly, the award of a lien to Mrs. Brady of $39,564.66 was not otherwise an abuse of discretion.

Because we find the property division to be fair, just and equitable, we need not consider Mr. Brady's argument that the trial court failed to take into consideration amounts spent by Mr. Brady to maintain community assets after separation.

The judgment is affirmed.

SCHOLFIELD, C.J., and WEBSTER, J., concur.