[No. 10907-1-III. Division Three. December 12, 1991.]

*In the Matter of the Marriage of* DELORIS ANN WAYT, *Appellant, and* DANIEL L. WAYT, *Respondent.*

---

[17]*Myers*, at 343.

*David A. Gittins* and *Little, Pike & Gittins,* for appellant.

*Thomas L. Ledgerwood,* for respondent.

GREEN, J.* — Deloris Ann Wayt appeals an order modifying child support provisions of a decree dissolving her marriage to Daniel L. Wayt. She contends the court erred when it (1) excluded overtime pay in calculating Mr. Wayt's earnings for the purpose of determining the amount of support, and (2) ordered each party pay one-half of any uninsured medical expenses. We find no error and affirm.

On January 14, 1988, a decree was entered dissolving the Wayts' marriage. Custody of their minor child, Roshelle Wayt, then age 13, was awarded to Mrs. Wayt subject to reasonable visitation rights by Mr. Wayt. Finding Mrs. Wayt's net income was $175 per month and Mr. Wayt's net income was $2,000 per month, the court ordered Mr. Wayt to pay $300 per month child support, provide health insurance and pay all noncovered medical expenses.

On June 15, 1989, Mrs. Wayt petitioned to increase the amount of support alleging she was disabled. Based on the parties' financial statements at that time and supporting

---

*Judge Dale M. Green is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

affidavits, the court found Mrs. Wayt was unemployed and disabled following an automobile accident. Although Mrs. Wayt had some gratuitous funds available to her as well as two pending lawsuits, the court nevertheless found it would be unfair to attribute income to her when she was unable to seek substantial employment. The court found Mr. Wayt's gross income for 1989, including income earned from overtime, was $44,461.88; after mandatory deductions, his income was $2,506.97 per month. The court then deducted Mr. Wayt's monthly overtime earnings, leaving a base monthly income of $1,860. Using the Asotin, Garfield and Columbia County Child Support Schedule (May 1988) promulgated pursuant to former RCW 26.19.020(1)(b), the court computed the monthly amount of support to be $478. Mr. Wayt was ordered to pay Mrs. Wayt the increased monthly support and continue to provide medical, dental and vision insurance, with noncovered expenses to be borne equally by the parties. Mrs. Wayt's subsequent motion to reconsider was denied and she appeals.

First, Mrs. Wayt contends the court erred by deducting Mr. Wayt's overtime earnings in arriving at his base income for the purpose of determining the amount of child support. We find no error.

In 1988 the Legislature adopted a uniform child support schedule to equitably apportion the child support obligation between parents, insure child support is adequate to meet a child's basic needs and provide additional child support commensurate with the parents' income, resources and standard of living. RCW 26.19.001. Written findings of fact must support the court's order or any deviation from the uniform support schedule and be supported by the evidence. Former RCW 26.19.020(2), (5);[1] *In re Marriage of Sacco*, 114 Wn.2d 1, 3-4, 784 P.2d 1266 (1990). The uniform support schedule and requirement of written findings apply to all

---

[1]Because the order of modification in question was entered May 29, 1990, the 1989 statute and Washington State Child Support Schedule (July 1989) govern this appeal. The 1990 amendment to the statute does not affect the issues presented here. *See* Laws of 1990, 1st Ex. Sess., ch. 2, § 19, p. 1754.

proceedings in which child support is at issue. Former RCW 26.19.020(1); *In re Marriage of Lee*, 57 Wn. App. 268, 274 n.3, 788 P.2d 564 (1990). On appeal, the reviewing court must defer to the sound discretion of the trial court unless that discretion is exercised in an untenable or manifestly unreasonable way. *In re Marriage of Griffin*, 114 Wn.2d 772, 779, 791 P.2d 519 (1990).

Although Mrs. Wayt has not assigned error to the court's findings as required by RAP 10.3(g), her brief adequately points out her disagreement with the court's treatment of the issues she raises and thus permits this court to consider them. *In re Marriage of Brady*, 50 Wn. App. 728, 730, 750 P.2d 654 (1988).

Standard 3 of the Washington State Child Support Schedule (WSCSS) (July 1989) requires income from any source, including overtime, to be included in gross income. WSCSS, at 3. Therefore, the court properly included Mr. Wayt's overtime earnings in his gross income. Standard 4 allows "discretionary" deductions from gross income, identifying specifically bonuses and nonrecurring overtime. WSCSS, at 3. The instructions with respect to such deductions state:

> LINE 2e, <u>Non-recurring Income</u>: Enter income from lines 1a through 1d that is not a regular, anticipated part of annual income. (*An example would be a one time special bonus. This deduction is discretionary with the court.*)

WSCSS, at 6.

Mr. Wayt had been earning approximately $700 per month from working overtime from 1988 until April 1990. The court found he was working overtime

> to meet his debts and the obligations of his new marriage and step-children. Respondent's obligations include payments for a boat that has no equity [from the prior dissolution], the cost of a new vehicle purchased to replace one lost in bankruptcy, a debt to the credit union for a travel trailer, a down payment obligation [for a home] to his parents for $5,000, the anticipated expense of a new roof, living expenses of a new spouse, shoes and things for the daughter, meals and entertainment of the parties' daughter, [$400 per month] gas expense for commuting, and that portion of the new wife's kidney surgery bills not covered by insurance.

The court also found:

> It would be unfair for the court to impute or compute support based on respondent's overtime when he is working the overtime in an effort to "catch up" and his overtime is expected to not reoccur when his debts are caught up.

■ The Washington State Child Support Schedule (September 1991) provides guidance for resolving this issue. In defining nonrecurring income, the Washington State Child Support Schedule Commission includes overtime, contract-related benefits, bonuses or income from second jobs. WSCSS, at 3 (1991). Mr. Wayt's overtime income is in the nature of a second job, since its purpose is to provide a second source of income for his current family. To include this additional income, which is earned by working over and above his normal hours to provide for his current family's needs and to retire past debts, ignores the reality commonplace in our society of remarriage and the concomitant obligations it creates. To include Mr. Wayt's overtime earnings under these circumstances would be punitive. Further, as the court found, Mr. Wayt's overtime will cease when he has paid off his debts. Thus, we conclude the court did not abuse its discretion by deducting the overtime income in arriving at the monthly net income to be used in computing the amount of the support payment.

Second, Mrs. Wayt contends the court erred in ordering each party pay one-half the deductible and unpaid medical, dental, vision and orthodontia expenses for the parties' minor child. We find no error.

Standard 7 states:

> Ordinary health care expenses are included in the economic table. Expenses exceeding the amount set forth in the instructions shall be considered extraordinary and shall be shared by the parents in the same proportion as the basic child support obligation.
>
> . . . .
>
> Discretion may be exercised to determine the reasonableness and necessity of extraordinary and special expenses.

WSCSS, at 3 (1989). The standard provides that expenses exceeding 5 percent of the monthly support obligation or $20

per child, whichever is greater, are extraordinary. WSCSS, at 7 (1989).

Mrs. Wayt argues since she has no income, the court erred in dividing the deductible and noncovered expenses equally between the parties. Mrs. Wayt did not list, as required, those health care costs over 5 percent of the support obligation on Worksheet A. Nor does she contend on appeal there are any extraordinary expenses.

Moreover, in this case 5 percent of $478 or $23.90 is that portion of the monthly support amount allocated for ordinary health care expenses. Therefore, the first $23.90 of noncovered expenses should be borne by Mrs. Wayt. By requiring Mr. Wayt to pay one-half of *all* noncovered expenses, Mrs. Wayt is getting the benefit of an additional $23.90 per month. Error, if any, was in not requiring Mrs. Wayt to pay the first $23.90 of monthly noncovered health care expenses.

Last, Mrs. Wayt requests attorney fees pursuant to RCW 26.09.140 and RAP 18.1. While RCW 26.09.140 permits an award of reasonable attorney fees on appeal, after considering the arguable merit of the issues presented and the financial resources of the parties, we conclude each party should bear his or her own attorney fees on appeal. *In re Marriage of Griffin, supra* at 779.

Affirmed.

SHIELDS, C.J., and MUNSON, J., concur.