# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of )
                                                   ) No. 68433-7-I

BRAD BART BROWN, )
                                                   )

             Respondent, ) DIVISION ONE

    and )

LUCY MARIE BROWN, ) UNPUBLISHED OPINION

             Appellant. ) FILED: November 25, 2013
                                                   )

LEACH, C.J. — Appellate review of the trial court's decision in a dissolution proceeding is highly deferential. Here, the trial court properly rejected Lucy Braun's[1] attempts to raise irrelevant claims for damages during the dissolution trial. Braun's challenges to the court's evidentiary rulings, denial of a continuance, and resolution of property issues fail to demonstrate any abuse of discretion. As a nonattorney pro se litigant, Braun is not entitled to an award of attorney fees. We therefore affirm.

## FACTS

Brad Brown and Lucy Braun married on April 9, 2011, and separated on July 5, 2011. They have no children. Brad Brown filed a petition for dissolution on July 18, 2011. A court commissioner ordered Brown to pay maintenance of $250 per week for three months, the length of the marriage.

---

[1] The appellant is now known as "Lucy Marie Braun."

Both parties proceeded pro se at trial, which occurred on January 18 and 20, 2012. Lucy Braun alleged, among other things, that Brown had failed to keep a premarriage promise to help her restart her childcare business, that an "unmarried woman" was currently living in Brown's house, that Brown fraudulently concealed proceeds from the sale of a 1987 BMW convertible, and that he negligently shortened the legs on her bar stools. Braun further claimed that Brown damaged her television set while returning it and that he failed to return various items of personal property, including a brown picture frame containing the couple's wedding vows, a tub of Oxyclean, various mugs, a white shower hanger, a toilet scrubber, and "virgin olive oil that cost $40."

Braun asked the trial court to award punitive damages, to reimburse her for wedding expenses and the $23,000 in "homemaker services" she provided during the marriage, and to send Brown to jail for contempt. The trial court advised Braun that it would not be awarding damages, addressing fraud claims, or imposing jail time during the dissolution trial and unsuccessfully attempted to dissuade Braun from devoting the majority of her limited trial time to those issues.

At the conclusion of the trial, the court found that the parties did not have any real or personal community property. The court awarded the parties the personal property in their possession and allocated to each party any separately incurred liability. The court

noted that there was joint and several liability "for [a] possible dog bite claim." The court denied Braun's request for additional maintenance.

ANALYSIS

We note initially that "pro se litigants are bound by the same rules of procedure and substantive law as attorneys."[2] Braun's opening and reply briefs contain multiple violations of court rules. She has cited unpublished opinions, failed to support some arguments with citations to the record, and provided incorrect citations to the record for other arguments.[3] In violation of RAP 10.3(a)(8), Braun has appended to her opening brief bank records that she obtained after trial. We decline to consider the materials in the appendix and all related arguments.[4] We also ignore the issues and arguments raised for the first time in Braun's reply brief.[5]

---

[2] Westberg v. All-Purpose Structures, Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

[3] See GR 14(1)(a) (party may not cite as authority an unpublished decision of the Court of Appeals); RAP 10.3(a)(6) (legal argument should be supported with citation to relevant portions of the record).

[4] RAP 10.3(a)(8) provides that an appendix to a brief "may not include materials not contained in the record on review without permission from the appellate court."

[5] See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (declining to address an argument raised for the first time in a reply brief); RAP 10.3(c).

Motion in Limine

Braun contends that the trial court erred in failing to rule on her motion in limine to exclude evidence related to Brown's purchase and sale of the BMW. She asserts that the court's inaction violated Skagit County Local Civil Rule 7(g)[6] and effectively denied the motion, allowing Brown to present irrelevant and inadmissible evidence.

Contrary to Braun's repeated assertions, however, the trial court did not ignore her motion in limine. The court expressly noted that "we will make the motions in limine as the evidence comes up." Braun therefore had a full opportunity to object to any evidence as it was introduced at trial.

The trial court has broad discretion to defer ruling on evidentiary objections until it is able to assess the potential evidence in the context of the trial.[7] Given Braun's assertion of vague and irrelevant claims during the course of her opening statement, the trial court's decision to defer ruling on evidentiary objections was clearly reasonable. Moreover, because this was a bench trial, we presume that the trial judge based her

---

[6] Skagit County Local Civil Rule 7(g) provides in part, "All motions in limine shall be heard by the trial judge prior to trial."

[7] See Fenimore v. Donald M. Drake Constr. Co., 87 Wn.2d 85, 91, 549 P.2d 483 (1976).

decision solely on admissible evidence.[8]  Braun has not identified anything in the record tending to rebut this presumption.

Denial of Continuance

Braun contends that the trial court erred in denying her motion for a continuance to obtain additional evidence.  Among other things, Braun complained that a number of her subpoenas had gone unanswered.  After repeated requests for a continuance, the trial court denied the motion, noting that Braun had had sufficient time to marshal relevant evidence for trial.

We will reverse the trial court's denial of a continuance only upon a showing of both an abuse of discretion and resulting prejudice.[9]  The petition for dissolution was filed on July 18, 2011, and the matter went to trial six months later.  As the trial court recognized, the relevant issues arising out of the parties' three-month marriage were relatively simple.

On appeal, as she did at trial, Braun indicates that she needed the additional time primarily to gather evidence to support her claims of fraud, contempt, defamation, and breach of contract, and her requests for punitive damages and "homemaker

---

[8] Wolfkill Feed & Fertilizer Corp. v. Martin, 103 Wn. App. 836, 841, 14 P.3d 877 (2000); see also State v. Majors, 82 Wn. App. 843, 848-49, 919 P.2d 1258 (1996) (in bench trial, court is presumed to give evidence its proper weight).
[9] State v. Herzog, 69 Wn. App. 521, 524, 849 P.2d 1235 (1993).

services." These claims were irrelevant to the issues before the trial court in the dissolution proceeding, and we decline to consider them on appeal. Viewed in context, Braun's assertions that she needed additional time to prepare for trial are therefore not persuasive. Braun fails to demonstrate that the trial court abused its discretion in denying a continuance or that the denial of a continuance affected her ability to present relevant evidence at trial.

Potential Dog Bite Claim

Braun contends that the trial court erred in determining that a "possible dog bite claim" was a community liability. During her opening statement, Braun referred to "a dog bite incident, where [Brown's] dog bit a disabled man, up to the—a potential liability of $200,000 to the community." Braun acknowledged, however, that she was not present at the time of the dog bite.

As Braun essentially concedes, the admissible evidence failed to establish any meaningful details about the nature of the potential claim. On appeal, she has not presented any legal argument or citation to relevant authority to support her contention that the incident necessarily involved only Brown's separate liability.[10] Braun has failed to demonstrate any error in the trial court's resolution of the alleged dog bite claim.[11]

---

[10] See generally Clayton v. Wilson, 168 Wn.2d 57, 63, 227 P.3d 278 (2010) (community generally not liable for the torts of one spouse "'unless the act constituting the wrong either (1) results or is intended to result in a benefit to the community or (2) is

Braun's assertion that the trial court denied her the opportunity to present evidence on the dog bite incident is also without merit. Braun told the trial court that she had contacted the victim and that he had agreed to testify by telephone. The trial court allowed Braun two separate opportunities during the trial to contact the witness. On both occasions, she was unable to contact him. Braun fails to demonstrate that the trial court abused its discretion in denying Braun additional opportunities to contact the witness.

Community Personal Property

Braun contends that the trial court erred in determining that the parties had no personal community property. She argues that the proceeds of Brown's sale of the BMW were community property and that Brown violated a court order by selling the car after the parties separated. The trial court's classification of property as separate or community is a question of law that we review de novo.[12]

---

committed in the prosecution of the business of the community'") (emphasis omitted) (quoting LaFramboise v. Schmidt, 42 Wn.2d 198, 200, 254 P.2d 485 (1953)); see also Benson v. Bush, 3 Wn. App. 777, 780, 477 P.2d 929 (1970) (community character of husband's attempt to break up dog fight was not "entirely broken off" at the time he committed the assault, resulting in community liability for assault).

[11] Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

[12] See In re Marriage of Martin, 32 Wn. App. 92, 94, 645 P.2d 1148 (1982).

As Braun acknowledges, the trial court found that the BMW was separate property because Brown had purchased it with separate funds from a loan. The court determined that Brown made a profit of about $850 when he later sold the car. On appeal, Braun argues that Brown's "self-serving testimony" was insufficient to satisfy his burden of overcoming the community property presumption by clear and convincing evidence.[13]

Brown's testimony, if believed, was sufficient to establish the loan by clear and convincing evidence. The trial court necessarily found Brown's testimony credible, a determination that we cannot review. We must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence.[14]

Moreover, RCW 26.09.080 directs the trial court in a dissolution proceeding "without regard to misconduct, [to] make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors." The character of property as separate or community is a relevant factor in this determination, but it is not controlling.[15] A trial court error in characterizing property does not warrant reversal if the overall property

---

[13] See In re Marriage of Janovich, 30 Wn. App. 169, 171, 632 P.2d 889 (1981).
[14] State v. Walton, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992).
[15] In re Marriage of Konzen, 103 Wn.2d 470, 478, 693 P.2d 97 (1985).

distribution is otherwise fair and equitable.[16] Braun has failed to demonstrate that the trial court abused its discretion in determining what was "just and equitable" under all of the circumstances.[17]

Maintenance

Braun contends that the trial court erred in denying her request for an additional award of maintenance. She argues that the trial court erred in refusing to read her pretrial motion requesting additional maintenance, refusing to allow her to present evidence at trial establishing "how unequal the standards of living between the parties were" during the initial three-month period of maintenance, and denying additional maintenance based solely on the three-month duration of the marriage. But Braun's assertions fail to address the full context of the trial court's decision.

Braun claims that she filed a pretrial motion for an order extending maintenance and that the motion was set to be considered at trial. But Braun's citations to the record do not identify documents related to the maintenance issue. An appellate court has no obligation to search the record for evidence supporting a party's arguments.[18]

---

[16] In re Marriage of Brady, 50 Wn. App. 728, 732, 750 P.2d 654 (1988).
[17] See In re Marriage of Brewer, 137 Wn.2d 756, 769, 976 P.2d 102 (1999) (trial court's property distribution is reviewed for a manifest abuse of discretion).
[18] See Cowiche Canyon Conservancy, 118 Wn.2d at 819.

In any event, Braun did not raise the issue until the second day of trial, when she informed the court that she had meant to ask for an additional three months of maintenance at the beginning of trial "because of [Brown's] delay in returning my property for over five months." Both in the trial court and on appeal, Braun's arguments rest primarily on her claims that Brown committed fraud, defamation, perjury, breach of contract, and contempt of court prior to trial.

The trial court properly rejected these claims and Braun's requests for reimbursement and damages. Maintenance is not the proper tool for addressing perceived or alleged marital misconduct.[19] Viewed in the context of Braun's arguments, the trial court did not abuse its discretion in denying an additional award of maintenance.[20]

Braun also contends that the initial "$250-per-week maintenance [award] did not come close to 'equalizing' the standards of living of the parties." This assertion is contrary to Braun's position in the trial court, where she acknowledged that it was a "fair

---

[19] See RCW 26.09.090 (setting forth statutory factors governing an award of maintenance).

[20] See In re Marriage of Terry, 79 Wn. App. 866, 869, 905 P.2d 935 (1995) (trial court has broad discretion to award maintenance).

-10-

award," except for the delay caused by Brown's alleged misconduct. Braun is estopped from taking a contrary position on appeal.[21]

Motion To Seal Record

Braun contends that the trial court erred in denying her motion for an order sealing the court file. We conclude that she has failed to preserve the issue for appellate review.

During the course of her trial presentation, Braun repeatedly sought to introduce into evidence documents from the court file containing Brown's allegedly fraudulent and defamatory statements. After the trial court advised Braun that it was "not going to be making a decision about whether anybody here is a fraud or is not a fraud," Braun announced, for the first time, that she was requesting the right, "at a later time to prepare and file and serve a motion for order sealing the court record." The trial court responded, "You can certainly bring that up."

Braun then continued to seek the admission of documents containing allegedly fraudulent statements in order to support her motion to seal the court file. The trial court found the documents irrelevant for the issues in the dissolution proceeding and repeatedly advised Braun that the record would not be sealed.

---

[21] See Mavis v. King County Pub. Hosp. Dist. No. 2, 159 Wn. App. 639, 650, 248 P.3d 558 (2011).

On appeal, Braun contends that the trial court's denial of her motion to seal violated her due process rights under 42 U.S.C. § 1983, abridged her Fourteenth Amendment right to be free of defamatory statements in public records, and violated her right to equal protection. Braun also claims that the trial court failed to consider her motion to seal in light of the standards set forth in Seattle Times Co. v. Ishikawa[22] and Rufer v. Abbott Laboratories.[23]

But Braun failed to raise these legal theories in the trial court. Nor did she file a motion to seal in compliance with GR 15(c)(1). Because she has not identified any manifest error affecting a constitutional right, we decline to consider these arguments for the first time on appeal.[24]

Attorney Fees

Citing RCW 26.09.140, Braun contends that the trial court erred in refusing to award her "attorney fees." But Braun, who represented herself pro se throughout the dissolution proceeding, made no showing that she had incurred any attorney fees. Under Washington law, a nonattorney appearing pro se is not entitled to an award of

---

[22] 97 Wn.2d 30, 640 P.2d 716 (1982).
[23] 154 Wn.2d 530, 114 P.3d 1182 (2005).
[24] RAP 2.5(a); Ryder v. Port of Seattle, 50 Wn. App. 144, 150, 748 P.2d 243 (1987) (an issue, theory, or argument not presented to the trial court will not be considered on appeal).

attorney fees.[25]  Braun's request for attorney fees on appeal under RAP 18.1 is denied

for the same reason.

Affirmed.

WE CONCUR:

---

[25] See In re Marriage of Brown, 159 Wn. App. 931, 938, 247 P.3d 466 (2011).